## Lavigna v. Andiorio

*William D. Boyle*, for plaintiff.

*John A. Mika*, for defendant.

SCULCO, J., October 18, 1973.—This case comes before the court en banc on plaintiff's motion to strike off judgment entered against plaintiff by defendant. A brief review of the facts in this matter is as follows.

On April 23, 1973, plaintiff, Samuel Lavigna, commenced an action in trespass against defendant, Perry Andiorio, before a magistrate in Westmoreland County. A hearing was held in this matter and on June 5, 1973, the magistrate ruled in favor of plaintiff and against defendant.

On June 20, 1973, defendant filed with the Prothonotary's Office of Westmoreland County, Pa., a notice of appeal from the judgment of the justice of the peace. This same day, June 20, 1973, a notice of appeal and a rule to file a complaint was mailed to plaintiff by certified mail, return receipt requested; same was received by plaintiff on June 21, 1973. On July 11, 1973, a judgment of non pros was filed by defendant and on August 8, 1973, plaintiff filed his motion to strike off judgment.

The sole question presented before this court is: Whether the time period for filing a complaint in trespass by plaintiff, after defendant has filed a notice of appeal from judgment of the justice of the peace and praecipe to enter a rule to file complaint and rule to file, commences to be computed at the time of defendant's placing same in the mail box or the day following the actual receipt of such notice by the plaintiff.

The right of appeal in all cases to a court of record from a court not of record set forth in section 9 of Article V of the Constitution of Pennsylvania. The Minor Judiciary Court Appeals Act of December 2, 1968, P.L. 1137, 42 PS §3001, et seq., which became

effective January 1, 1969, implemented the provisions of section 9 of Article V and provided for the procedure therefor.

Rule 1004, subsection (B) of the Rules of Civil Procedure governing actions and procedure before justices of the peace states:

"If the appellant was the defendant in the action before the justice of the peace, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within twenty (20) days *after service* of the rule or suffer entry of a judgment of non pros." (Italics supplied.)

These rules provide that when any period of time is referred to in any rule, such period in all cases shall be so computed as to exclude the first and include the last day of such period.

Defendant's argument that date of service of this rule, if service was by mail, is the date of mailing rather than the date of receipt, along with any language supportive of this argument, not only reverses the purpose for which service is set forth, that purpose being the actual giving of notice to another party to the action, but also smacks contra the long-established interpretation and implementation of the language set forth in Rule 106 of the Rules of Civil Procedure and Rule 203(A) of the Pa. Rules for Civil Procedure Justices of the Peace.

It is the opinion of this court that the additional contentions of plaintiff concerning a meritorious claim of damages against defendant along with a lack of any prejudice flowing to defendant need not be discussed, since plaintiff's argument concerning the date of service and time computation therefrom is with merit.

This court, therefore, enters the following

## ORDER

And now, to wit, October 18, 1973, after due and careful consideration of the records, briefs and arguments presented in this matter, it is hereby ordered, adjudged and decreed that plaintiff's motion to strike off judgment is with merit and be and the same hereby is granted; it is further directed that plaintiff be given 20 days from the date of this order to file his complaint in trespass.